# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIR TECHNOLOGIES LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, NBCUNIVERSAL MEDIA, LLC, and PEACOCK TV LLC,<br><br>    Defendants. | Case No. 1:25-cv-<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Tir Technologies Limited ("Plaintiff" or "Tir") makes the following allegations against Defendants Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, NBCUniversal Media, LLC, and Peacock TV LLC ("Defendants"):

### INTRODUCTION

1. This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in processing devices and systems: United States Patent Nos. 8,792,347 (the "'347 Patent"), 9,800,633 (the "'633 Patent"), 10,484,442 (the "'442 Patent"), and 10,375,444 (the "'444 Patent" and collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Tir Technologies Limited, is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Tir is the sole owner by assignment of all rights, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Comcast Cable Communications, LLC is a Delaware limited liability company and a wholly-owned, indirect subsidiary of Comcast Corporation, with its principal place of business at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast Cable Communications, LLC may be served through its registered agent Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.

4. On information and belief, Defendant Comcast Cable Communications Management, LLC is a Delaware limited liability company and a wholly-owned subsidiary of Defendant Comcast Cable Communications, LLC, with its principal place of business at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast Cable Communications Management, LLC may be served through its registered agent Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.

5. On information and belief, Defendant NBCUniversal Media, LLC is a Delaware limited liability company and a wholly-owned, indirect subsidiary of Comcast Corporation, with its principal place of business at 30 Rockefeller Plaza, New York, New York 10112. NBCUniversal Media, LLC may be served through its registered agent Enterprise Corporate Services LLC, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.

6. On information and belief, Defendant Peacock TV LLC is a Delaware limited liability company and a wholly-owned subsidiary of Defendant NBCUniversal Media, LLC, with its principal place of business at 30 Rockefeller Plaza, New York, New York 10112. Peacock TV LLC may be served through its registered agent Enterprise Corporate Services LLC, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants in this action because they are all citizens of the State of Delaware. In addition, Defendants have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants maintain places of business within the State, including at 5601 Concord Pike, Wilmington, Delaware 19803, and 1580 N. DuPont Hwy. Dover, Delaware 19901. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, and selling products and services that infringe the Asserted Patents.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because each of the Defendants is a resident of Delaware as a Delaware limited liability company.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,792,347)

10. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

11.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,792,347, titled "Real-time network monitoring and subscriber identification with an on-demand appliance." The '347 Patent was duly and legally issued by the United States Patent and Trademark Office on July 29, 2014. The '347 Patent is valid and enforceable. A true and correct copy of the '347 Patent is attached hereto as Exhibit 1.

12.     Upon information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 8,792,347, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendants offer, provide, maintain, operate, and administer selective traffic monitoring services, including without limitation Comcast Content Delivery Network, Comcast Media360, Xfinity Stream, and Peacock, in a service provider network that performs the steps of the claimed method either directly through their own actions, through the operation of equipment under their control, or through customers acting under conditions established and orchestrated by the Defendants (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '347 Patent pursuant to 35 U.S.C. § 271(a).

13.     The Accused Products and Services satisfy all claim limitations of one or more claims of the '347 Patent. A claim chart comparing exemplary independent claim 1 of the '347 Patent to a representative Accused Products and Services is attached as Exhibit 2.

14. Defendants further induce infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '347 Patent and intent that such infringement occur. Identification of the accused products and services will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

15. Defendants also knowingly and intentionally induce infringement of one or more claims of the '347 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Defendants have knowledge of the '347 Patent and the infringing nature of the Accused Products and Services through, for example, the '347 Patent claim charts served therewith. Despite this knowledge of the '347 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products and Services in ways that directly infringe the '347 Patent. For example, Defendants advertise the benefits of Comcast Content Delivery Network, Comcast Media360, Xfinity Stream, and Peacock. *See, e.g.*, Ex. 3 (Comcast CDN Product Sheet, available at https://www.comcasttechnologysolutions.com/resources/comcast-cdn-product-sheet, last visited July 16, 2015); Ex. 4 (Comcast Media360 Product Sheet, available at https://www.comcasttechnologysolutions.com/comcast-media360, last visited July 16, 2015); Ex. 5 (What's the Xfinity Stream app?, https://www.xfinity.com/support/articles/tv-app-overview, last visited July 16, 2015); Ex. 6 (Why should I pay for Peacock?, https://www.peacocktv.com/help/article/why-should-i-pay-for-peacock-premium, last visited July 16, 2015). Further, Defendants provide customers with instructions and user guides detailing

5

how to setup, configure, and utilize the Accused Products and Services to utilize the infringing functionality. *See, e.g.*, Ex. 7 (Get started with the Xfinity Stream app, https://www.xfinity.com/support/articles/getting-started-xfinity-tv-mobile-app, last visited July 16, 2015); Ex. 8 (How can I access Peacock on my Smart TV?, https://www.peacocktv.com/help/article/how-can-i-access-peacock-on-my-smart-tv, last visited July 16, 2015). Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '347 Patent, thereby specifically intending for and inducing its customers to infringe the '347 Patent through the customers' normal and customary use of the Accused Products and Services.

16. Defendants have also infringed, and continue to infringe, one or more claims of the '347 Patent by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '347 Patent, are especially made or adapted to infringe the '347 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Defendants have knowledge of the '347 Patent and the infringing nature of the Accused Products and Services through, for example, the '347 Patent claim chart served therewith. Defendants have been, and currently are, contributorily infringing the '347 Patent in violation of 35 U.S.C. §§ 271(c). For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '347 Patent, are especially made or adapted to infringe the '347 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2.

17. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '347 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '347 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '347 Patent during the relevant time period or were not required to mark during the relevant time period.

18. As a result of Defendants' direct infringement of the '347 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

19. As a result of Defendants' indirect infringement of the '347 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '347 Patent.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 9,800,633)

20. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,800,633, titled "Just-in-time distributed video cache." The '633 Patent was duly and legally issued by the United States Patent and Trademark Office on October 24, 2017. The '633 Patent is valid and enforceable. A true and correct copy of the '633 Patent is attached hereto as Exhibit 9.

22. Upon information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 9,800,633, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendants offer, provide, maintain, operate, and administer optimized streaming video services, including without limitation Comcast Content Delivery Network, Comcast Media360, Xfinity Stream, and Peacock, that perform the steps of the claimed method either directly through their own actions, through the operation of equipment under their control, or through customers acting under conditions established and orchestrated by Defendants (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

23. The Accused Products and Services satisfy all claim limitations of one or more claims of the '633 Patent.  A claim chart comparing exemplary independent claim 1 of the '633 Patent to a representative Accused Products and Services is attached as Exhibit 10.

24. Defendants further induce infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '633 Patent and intent that such infringement occur. Identification of the accused products and services will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

25. Defendants also knowingly and intentionally induce infringement of one or more claims of the '633 Patent in violation of 35 U.S.C. § 271(b).  At least as of the filing and service

of this complaint, Defendants have knowledge of the '633 Patent and the infringing nature of the Accused Products and Services through, for example, the '633 Patent claim charts served therewith.  Despite this knowledge of the '633 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 10) to use the Accused Products and Services in ways that directly infringe the '633 Patent.  For example, Defendants advertise the benefits of Comcast Content Delivery Network, Comcast Media360, Xfinity Stream, and Peacock.  *See, e.g.*, Ex. 3 (Comcast CDN Product Sheet, available at https://www.comcasttechnologysolutions.com/resources/comcast-cdn-product-sheet, last visited July 16, 2015); Ex. 4 (Comcast Media360 Product Sheet, available at https://www.comcasttechnologysolutions.com/comcast-media360, last visited July 16, 2015); Ex. 5 (What's the Xfinity Stream app?, https://www.xfinity.com/support/articles/tv-app-overview, last visited July 16, 2015);  Ex. 6 (Why should I pay for Peacock?, https://www.peacocktv.com/help/article/why-should-i-pay-for-peacock-premium, last visited July 16, 2015).  Further, Defendants provide customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products and Services to utilize the infringing functionality.  *See, e.g.*, Ex. 7 (Get started with the Xfinity Stream app, https://www.xfinity.com/support/articles/getting-started-xfinity-tv-mobile-app, last visited July 16, 2015);  Ex. 8 (How can I access Peacock on my Smart TV?, https://www.peacocktv.com/help/article/how-can-i-access-peacock-on-my-smart-tv, last visited July 16, 2015).  Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that their customers and end users will commit these infringing acts.  Defendants also continue to make, use, offer for sale, sell, and/or import the

Accused Products and Services, despite their knowledge of the '633 Patent, thereby specifically intending for and inducing its customers to infringe the '633 Patent through the customers' normal and customary use of the Accused Products and Services.

26. Defendants have also infringed, and continue to infringe, one or more claims of the '633 Patent by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Defendants have knowledge of the '633 Patent and the infringing nature of the Accused Products and Services through, for example, the '633 Patent claim chart served therewith. Defendants have been, and currently are, contributorily infringing the '633 Patent in violation of 35 U.S.C. §§ 271(c). For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 10.

27. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '633 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '633 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '633 Patent during the relevant time period or were not required to mark during the relevant time period.

28. As a result of Defendants' direct infringement of the '633 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for

Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

29.     As a result of Defendants' indirect infringement of the '633 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '633 Patent.

## COUNT III
## (INFRINGEMENT OF U.S. PATENT NO. 10,484,442)

30.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,484,442, titled "Just-in-time distributed video cache."  The '442 Patent was duly and legally issued by the United States Patent and Trademark Office on November 19, 2019.  The '442 Patent is valid and enforceable.  A true and correct copy of the '442 Patent is attached hereto as Exhibit 11.

32.     Upon information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,484,442, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendants offer, provide, maintain, operate, and administer selective streaming video services, including without limitation Comcast Content Delivery Network, Comcast Media360, Xfinity Stream, and Peacock, that perform the steps of the claimed method either directly through their own actions, through the operation of equipment under their control,

or through customers acting under conditions established and orchestrated by Defendants (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '442 Patent pursuant to 35 U.S.C. § 271(a).

33. The Accused Products and Services satisfy all claim limitations of one or more claims of the '442 Patent. A claim chart comparing exemplary independent claim 1 of the '442 Patent to representative Accused Products and Services is attached as Exhibit 12.

34. Defendants further induce infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '442 Patent and intent that such infringement occur. Identification of the accused products and services will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

35. Defendants also knowingly and intentionally induce infringement of one or more claims of the '442 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Defendants have knowledge of the '442 Patent and the infringing nature of the Accused Products and Services through, for example, the '442 Patent claim charts served therewith. Despite this knowledge of the '442 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 12) to use the Accused Products and Services in ways that directly infringe the '442 Patent. For example, Defendants advertise the benefits of Comcast Content Delivery Network, Comcast Media360, Xfinity Stream, and Peacock. *See, e.g.*, Ex. 3 (Comcast CDN Product Sheet, available at

https://www.comcasttechnologysolutions.com/resources/comcast-cdn-product-sheet, last visited July 16, 2015); Ex. 4 (Comcast Media360 Product Sheet, available at https://www.comcasttechnologysolutions.com/comcast-media360, last visited July 16, 2015); Ex. 5 (What's the Xfinity Stream app?, https://www.xfinity.com/support/articles/tv-app-overview, last visited July 16, 2015); Ex. 6 (Why should I pay for Peacock?, https://www.peacocktv.com/help/article/why-should-i-pay-for-peacock-premium, last visited July 16, 2015). Further, Defendants provide customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products and Services to utilize the infringing functionality. *See, e.g.,* Ex. 7 (Get started with the Xfinity Stream app, https://www.xfinity.com/support/articles/getting-started-xfinity-tv-mobile-app, last visited July 16, 2015); Ex. 8 (How can I access Peacock on my Smart TV?, https://www.peacocktv.com/help/article/how-can-i-access-peacock-on-my-smart-tv, last visited July 16, 2015). Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '442 Patent, thereby specifically intending for and inducing their customers to infringe the '442 Patent through the customers' normal and customary use of the Accused Products and Services.

36. Defendants have also infringed, and continue to infringe, one or more claims of the '442 Patent by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '442 Patent, are especially made or adapted to infringe the '442 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At

least as of the filing and service of this complaint, Defendants have knowledge of the '442 Patent and the infringing nature of the Accused Products and Services through, for example, the '442 Patent claim chart served therewith. Defendants have been, and currently are, contributorily infringing the '442 Patent in violation of 35 U.S.C. §§ 271(c). For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '442 Patent, are especially made or adapted to infringe the '442 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 12.

37. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '442 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '442 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '442 Patent during the relevant time period or were not required to mark during the relevant time period.

38. As a result of Defendants' direct infringement of the '442 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

39. As a result of Defendants' indirect infringement of the '442 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '442 Patent.

## COUNT IV
## (INFRINGEMENT OF U.S. PATENT NO. 10,375,444)

40.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,375,444, titled "Partial video pre-fetch."  The '444 Patent was duly and legally issued by the United States Patent and Trademark Office on August 6, 2019.  The '444 Patent is valid and enforceable.  A true and correct copy of the '444 Patent is attached hereto as Exhibit 13.

42.     Upon information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,375,444, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendants offer, provide, maintain, operate, and administer services for playback of online content on user devices, including without limitation Comcast Content Delivery Network, Comcast Media360, Xfinity Stream, and Peacock, that perform the steps of the claimed method either directly through their own actions, through the operation of equipment under their control, or through customers acting under conditions established and orchestrated by Defendants (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '444 Patent pursuant to 35 U.S.C. § 271(a).

43.     The Accused Products and Services satisfy all claim limitations of one or more claims of the '444 Patent.  A claim chart comparing exemplary independent claim 1 of the '444 Patent to representative Accused Products and Services is attached as Exhibit 14.

44. Defendants further induce infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '444 Patent and intent that such infringement occur. Identification of the accused products and services will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

45. Defendants also knowingly and intentionally induce infringement of one or more claims of the '444 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Defendants have knowledge of the '444 Patent and the infringing nature of the Accused Products and Services through, for example, the '444 Patent claim charts served therewith. Despite this knowledge of the '444 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 14) to use the Accused Products and Services in ways that directly infringe the '444 Patent. For example, Defendants advertise the benefits of Comcast Content Delivery Network, Comcast Media360, Xfinity Stream, and Peacock. *See, e.g.*, Ex. 3 (Comcast CDN Product Sheet, available at https://www.comcasttechnologysolutions.com/resources/comcast-cdn-product-sheet, last visited July 16, 2015); Ex. 4 (Comcast Media360 Product Sheet, available at https://www.comcasttechnologysolutions.com/comcast-media360, last visited July 16, 2015); Ex. 5 (What's the Xfinity Stream app?, https://www.xfinity.com/support/articles/tv-app-overview, last visited July 16, 2015); Ex. 6 (Why should I pay for Peacock?, https://www.peacocktv.com/help/article/why-should-i-pay-for-peacock-premium, last visited July 16, 2015). Further, Defendants provide customers with instructions and user guides detailing

how to setup, configure, and utilize the Accused Products and Services to utilize the infringing functionality. *See, e.g.*, Ex. 7 (Get started with the Xfinity Stream app, https://www.xfinity.com/support/articles/getting-started-xfinity-tv-mobile-app, last visited July 16, 2015); Ex. 8 (How can I access Peacock on my Smart TV?, https://www.peacocktv.com/help/article/how-can-i-access-peacock-on-my-smart-tv, last visited July 16, 2015). Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '444 Patent, thereby specifically intending for and inducing their customers to infringe the '444 Patent through the customers' normal and customary use of the Accused Products and Services.

46. Defendants have also infringed, and continue to infringe, one or more claims of the '444 Patent by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '444 Patent, are especially made or adapted to infringe the '444 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Defendants have knowledge of the '444 Patent and the infringing nature of the Accused Products and Services through, for example, the '444 Patent claim chart served therewith. Defendants have been, and currently are, contributorily infringing the '444 Patent in violation of 35 U.S.C. §§ 271(c). For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '444 Patent, are especially made or adapted to infringe the '444 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 14.

47. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '444 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '444 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '444 Patent during the relevant time period or were not required to mark during the relevant time period.

48. As a result of Defendants' direct infringement of the '444 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

49. As a result of Defendants' indirect infringement of the '444 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '444 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '347, '633, '442, and '444 Patents under 35 U.S.C. §§ 271(a), (b) and (c);

b. A judgment and order requiring Defendants to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '347, '633, '442, and '444 Patents;

c. A judgment and order requiring Defendants to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity;

d. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| Dated: July 16, 2025 | BAYARD, P.A. |
| OF COUNSEL: | /s/ *Stephen B. Brauerman* |
| | Stephen B. Brauerman (No. 4952) |
| Brett E. Cooper (*pro hac vice* pending) | Ronald P. Golden III (No. 6254) |
| Seth Hasenour (*pro hac vice* pending) | 600 N. King Street, Suite 400 |
| Jonathan Yim (*pro hac vice* pending) | P.O. Box 25130 |
| Drew B. Hollander (*pro hac vice* pending) | Wilmington, DE 19899-5130 |
| John F. Petrsoric (*pro hac vice* pending) | (302) 655-5000 |
| BC LAW GROUP, P.C. | sbrauerman@bayardlaw.com |
| 200 Madison Avenue, 24th Floor | rgolden@bayardlaw.com |
| New York, NY 10016 | |
| (212) 951-0100 | *Attorneys for Plaintiff* |
| bcooper@bclgpc.com | *Tir Technologies Limited* |
| shasenour@bclgpc.com | |
| jyim@bclgpc.com | |
| dhollander@bclgpc.com | |
| jpetrsoric@bclgpc.com | |