# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIR TECHNOLOGIES LTD.,<br><br>  Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, NBCUNIVERSAL MEDIA, LLC, AND PEACOCK TV LLC,<br><br>  Defendants. | Court No. 1:25-cv-00885-JCG |

## OPINION AND ORDER

[Granting Defendants' Motion to Dismiss.]

                           Dated: March 11, 2026

Stephen B. Brauerman and Ronald P. Golden III, Bayard, P.A., of Wilmington, DE; Robert A. Auchter, Brett E. Cooper, Seth R. Hasenour, Jonathan Yim, Drew B. Hollander, John F. Petrsoric, BC Law Group, P.C., of New York, N.Y. Attorneys for Plaintiff Tir Technologies Ltd.

Ryan P. Newell and Robert M. Vrana, Young, Conaway, Stargatt, & Taylor, LLP, of Wilmington, DE; James L. Day, Daniel C. Callaway, Su Li, and Nora E. Titus, Farella, Braun & Martel LLP, of San Franciso, CA. Attorneys for Defendants Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, NBCUniversal Media, LLC, and Peacock TV LLC.

Choe-Groves, Judge:  Plaintiff Tir Technologies Ltd. ("Plaintiff" or "Tir Tech") filed this case against Defendants Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, NBCUniversal Media, LLC, and Peacock TV LLC (collectively, "Defendants") alleging infringement of U.S. Patent Numbers 8,792,347 (the "'347 Patent"), 9,800,633 (the "'633 Patent"), 10,484,442 (the "'422 Patent"), and 10,375,444 (the "'444 Patent") (collectively, "Asserted Patents").  Compl. (D.I. 1); Am. Compl. (D.I. 27); see U.S. Patent Number 8,792,347 ("'347 Patent") (D.I. 27-1); U.S. Patent Number 9,800,633 ("'633 Patent") (D.I. 27-3); U.S. Patent Number 10,484,442 ("'422 Patent") (D.I. 27-5); U.S. Patent Number 10,375,444 ("'444 Patent") (D.I. 27-7).

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (D.I. 31). See Defs.' Opening Br. Supp. Mot. Dismiss Pl.'s Am. Compl. ("Defs.' Br.") (D.I. 32).  Plaintiff opposed the motion, and Defendants filed a reply brief.  Pl.'s Answering Br. Resp. Defs.' Mot. Dismiss ("Pl.'s Resp. Br.") (D.I. 38); Defs.' Reply Br. Supp. Mot. Dismiss Pl.'s Am. Compl. ("Defs.' Reply Br.") (D.I. 39).

For the following reasons, Defendants' Motion to Dismiss is granted.

## BACKGROUND

Tir Tech is a company organized under the laws of Ireland, with its principal place of business in Dublin, Ireland.  Am. Compl. at ¶ 2.  Tir Tech is the owner by assignment of all rights, title, and interest in the Asserted Patents.  Id.

The '347 Patent is titled "Real-time network monitoring and subscriber identification with an on-demand appliance," and was issued by the United States Patent and Trademark Office ("USPTO") on July 29, 2014.  Id. at ¶ 11.  The '633 Patent is titled "Just-in-time distributed video cache," and was issued by the USPTO on October 24, 2017.  Id. at ¶ 18.  The '442 Patent is titled "Just-in-time distributed video cache," and was issued by the USPTO on November 19, 2019.  Id. at ¶ 25.  The '444 Patent is titled "Partial video pre-fetch," and was issued by the USPTO on August 6, 2019.  Id. at ¶ 32.

Tir Tech alleges that Defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC (collectively, "Comcast Defendants") are Delaware companies with their principal places of business in Pennsylvania; Defendant NBCUniversal Media, LLC ("NBCUniversal") is a Delaware company with its principal place of business in New York; and Defendant Peacock TV LLC ("Peacock") is a Delaware company with its principal place of business in New York.  Id. at ¶¶ 3–6.

Tir Tech alleges that Defendants have directly infringed one or more claims of the Asserted Patents because they "offer, provide, maintain, operate, and administer" selective traffic monitoring services and streaming video services with features that perform the steps of one or more claims of the Asserted Patents through Defendants' actions, or the operation of equipment under Defendants' control, or through customers and end users acting under conditions created by Defendants.  Id. at ¶¶ 12, 19, 26, 33.  Tir Tech identifies the following as the accused products and services: (1) Comcast Defendants' Xfinity Stream service offering the use of multiple content delivery networks, including those of Comcast Technology Solutions and Amazon Web Services; and (2) Defendants NBCUniversal and Peacock's PeacockTV service offering the use of multiple content delivery networks, including those of Amazon Web Services.  Id.

Tir Tech alleges that Defendants obtained knowledge of the Asserted Patents and their infringing activities since at least the filing and service of the original Complaint, and that the infringement is willful and deliberate.  Id. at ¶¶ 16, 23, 30, 37.

Tir Tech filed its Complaint in July 2025, alleging direct and induced infringement of the Asserted Patents and seeking monetary damages.  Compl. Defendants filed a motion to dismiss on October 6, 2025, which became moot

upon Plaintiff's filing of the Amended Complaint on October 28, 2025. Defs.' Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) (D.I. 14); Am. Compl.

On November 26, 2025, Defendants filed their Motion to Dismiss Tir Tech's Amended Complaint, arguing that Tir Tech failed to allege sufficient facts to support its claims for direct and willful infringement of the Asserted Patents. See generally Defs.' Mot. to Dismiss; Defs.' Br. The Court held Oral Argument on February 19, 2026. Order (Feb. 3, 2026) (D.I. 42).

## LEGAL STANDARD

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, which grant the Court jurisdiction over civil actions relating to patents, plant variety protection, copyrights, and trademarks. 28 U.S.C. §§ 1331, 1338.

Federal Rule of Civil Procedure 8(a) requires that pleadings contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(1). If pleadings fail to state a claim, in whole or in part, on which a court may grant relief, a defendant may seek to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal ("Iqbal"), 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly ("Twombly"), 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Id.  In considering a motion to dismiss, the Court must assume the factual allegations contained in the complaint to be true and draw all reasonable inferences in favor of the non-moving party.  Twombly, 550 U.S. at 555–56.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  Iqbal, 556 U.S. at 678; see Donald J. Kochan, While Effusive, "Conclusory" is Still Quite Elusive: The Story of a Word, Iqbal, and a Perplexing Lexical Inquiry of Supreme Importance, 73 U. Pitt. L. Rev. 215, 307 (2011) ("'[C]onclusory' sets a standard that requires a certain degree of case-by-case, contextual analysis.").

In patent infringement cases, allegations of infringement are governed by the Iqbal/Twombly pleading standard.  Golden v. Apple Inc., 819 F. App'x 930, 930–31 (Fed. Cir. 2020).  There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.  Bot M8 LLC v. Sony Corp. ("Bot M8"), 4 F.4th 1342, 1353 (Fed. Cir. 2021).

## DISCUSSION

I.   **Direct Infringement**

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent[.]" 35 U.S.C. § 271(a). To plead direct infringement, a plaintiff must recite "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." Bot M8, 4 F.4th at 1353. "[A] plaintiff cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements." Id. To satisfy the Iqbal pleading standard in a patent case, "[s]pecific facts are not necessary[.]" Disc Disease Sols. Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quotation omitted). The complaint needs to only give a defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." Id.

A.   **Comcast's Content Delivery Network**

Defendants argue that while the Amended Complaint alleges that the Comcast Defendants infringe the Asserted Patents through the Xfinity Stream service offering that is alleged to use multiple content delivery networks ("CDNs"), including those of Comcast Technology Solutions and Amazon Web

Services, the claim charts that Plaintiff provided with the Amended Complaint fail to show how the accused Comcast CDN infringes any claim of the Asserted Patents.  Def.'s Br. at 7–9.  Defendants aver that Plaintiff's claim charts discuss only Amazon Web Services as performing the steps of the Asserted Patents, and include conclusory assertions that a person of ordinary skill in the art would understand that the Comcast CDN functions similarly.  Id.  Defendants contend that while Plaintiff attempts to demonstrate how Amazon's CloudFront CDN performs the steps of the Asserted Patents, the lack of detail or specific connection to the Comcast CDN renders the allegations in the Amended Complaint insufficient to state a claim of infringement based on the Comcast CDN.  Id.

      Plaintiff responds that the detail in the Amended Complaint and claim charts is sufficient to place Defendants on notice of their allegedly infringing activities.  Pl.'s Resp. Br. at 12–13.  Plaintiff avers that the Amended Complaint and claim charts provide sufficient evidence regarding the functionality of the Amazon CDN and, where available, comparable evidence of the Comcast CDN's functionality.  Id.  Plaintiff contends that the pleading standard is satisfied.  Id.

      The Amended Complaint alleges that Defendants, through their Xfinity Stream and PeacockTV products and services, and using multiple CDNs from Comcast and Amazon, perform the claimed methods of the Asserted Patents "either directly through their own actions, through the operation of equipment

under their control, or through customers and/or end users acting under conditions established and orchestrated by the Defendants[.]" Am. Compl. at ¶¶ 12, 19, 26, 33. The corresponding claim charts for each Asserted Patent explain and illustrate how the claims are performed by alleging facts related to Amazon's CDN and services. Am. Compl., Ex. 2 ("'347 Claim Chart") (D.I. 27-2); Ex. 4 ("'633 Claim Chart") (D.I. 27-4); Ex. 6 ("'442 Claim Chart") (D.I. 27-6); Ex. 8 ("'444 Claim Chart") (D.I. 27-8). Following descriptions of Amazon's products, the claim charts include frequent variations of the following assertion that "[a] person of ordinary skill in the art would understand that the Defendants would use similar functionality with other CDNs, including the CDN provided by Comcast Technology Solutions." See e.g., '347 Claim Chart at 10, 12, 14, 16–18, 22–23, 26, 30, 32, 36–37, 39. Throughout the claim charts, Plaintiff avers that certain specifics regarding the functionality of the Comcast CDN, Xfinity Stream, or PeacockTV are within the sole possession, custody, or control of Defendants. See generally, '347 Claim Chart, '633 Claim Chart, '442 Claim Chart, '444 Claim Chart.

The Court concludes that Plaintiff's Amended Complaint fails to adequately allege infringement of the Asserted Patents by the Comcast Defendants' CDN. Plaintiff's claim charts may explain how Amazon's products infringe the Asserted Patents, but Plaintiff does not explain separately how the accused Comcast CDN

infringes the Asserted Patents.  Plaintiff's repeated assertions regarding the knowledge of a hypothetical person of ordinary skill in the art are not factual allegations describing how Amazon's products function similarly to the accused products, but are rather the type of "mere conclusory statements" that are insufficient to state a claim of infringement.  See Iqbal, 556 U.S. at 679; Bot M8, 4 F.4th at 1352–53.  Accordingly, the Court grants Defendants' Motion to Dismiss the claims of direct infringement based on the Comcast Defendants' CDN, and grants Plaintiff leave to amend the Amended Complaint.

### B. Whether Plaintiff Alleges Joint Infringement

Defendants argue that Plaintiff alleges only that third-party Amazon products and services perform many or all the steps recited by the Asserted Patents, and therefore Plaintiff fails to allege that any Defendant performs every step of the Asserted Patents or that Amazon's alleged performance is attributable to any Defendant.  Defs.' Br. at 9–11.

Plaintiff responds that the detail in the Amended Complaint and claim charts is sufficient to place Defendants on notice of their allegedly infringing activities.  Pl.'s Resp. Br. at 4–12.  Plaintiff contends that the Amended Complaint alleges direct infringement by Defendants because they orchestrate the performance of the steps of the Asserted Patents by Defendants' customers and the CDN providers, including Comcast and Amazon.  Id.  Plaintiff states that a "claim of divided

infringement" requires alleging facts permitting a reasonable inference that Defendants exercise the requisite control or direction over Amazon's performance. Id. at 5–6. As one example, Plaintiff focuses on Claim 1 of the '347 Patent, which recites the step of "receiving a notice for a beginning of a network data flow between an origin server and a user device . . . ." Pl.'s Resp. Br. at 7; '347 Patent at 23:4–5. The corresponding claim chart states that the performance of this step is attributable to the Xfinity Stream and PeacockTV client applications because users can access these services and "Defendants, including through Xfinity Stream or PeacockTV, deliver video using Amazon CloudFront or Comcast Technology Solutions as a CDN to deliver media content from an origin server to a user device." Pl.'s Br. at 7; '347 Claim Chart at 9.

　　"While a typical claim of direct infringement requires proof that a defendant performs each step of the claimed method, joint infringement requires more." Lyda v. CBS Corp., 838 F.3d 1331, 1338 (Fed. Cir. 2016). When a patent owner alleges that multiple parties are involved in practicing the claim steps, a claim of joint infringement requires "pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." Id. at 1339. Direction and control may be

evident if an actor acts through an agent or contracts with another to perform one or more steps of the claimed method. Akamai Techs., Inc. v. Limelight Networks, Inc., 797 F.3d 1020, 1022–23 (Fed. Cir. 2015). Direction and control may also be evident when the alleged infringer "conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." Id. at 1023.

      Plaintiff relies on a "direction or control" theory of joint infringement, and the Amended Complaint does not otherwise contain any allegations that the actors form a joint enterprise. Am. Compl. at ¶¶ 12, 19, 26, 33. The Amended Complaint alleges that Defendants infringe each Asserted Patent because their Xfinity Stream and PeacockTV service offerings, through the use of multiple CDNs from Comcast and Amazon, "perform[] the steps of the claimed method[s] either directly through their own actions, through the operation of equipment under their control, or through customers and/or end users acting under conditions established and orchestrated by the Defendants[.]" Id. The Amended Complaint does not indicate that Plaintiff considers Amazon to be a customer or an end user, nor does it contain factual allegations that Amazon's equipment is under Defendants' control. The claim charts for each Asserted Patent explain how the Xfinity Stream and PeacockTV client applications result in the CDNs and customer devices committing the allegedly infringing activities. For example, the

claim charts for the '633 Patent and the '442 Patent explain how a viewer's request of a video title in Xfinity Stream or PeacockTV will cause the applications to issue an HTTP request to Amazon CloudFront which directs Amazon CloudFront to search for the video file and perform other accused functions that work towards delivering a video stream to the user.  '633 Claim Chart at 11–17; '442 Claim Chart at 12–19.  Although Plaintiff acknowledges that its "allegations may be based on Amazon functionality," and the claim charts allege that Amazon performs many or all of the steps of the asserted claims, these explanations are not tethered to factual allegations in the Complaint that connect Amazon, Defendants, and the infringing activities.  Pl.'s Resp. Br. at 5.

   The Amended Complaint lacks any factual allegations suggesting that a contractual relationship exists between Amazon and Defendants.  See Akamai Techs., Inc., 797 F.3d at 1022–23.  Nor has Plaintiff alleged that Defendants conditioned Amazon's participation in an activity or receipt of a benefit upon committing the allegedly infringing activities, and Defendants control the timing and manner of the alleged infringement.  See id. at 1023.

   The Court concludes that the Amended Complaint fails to allege specifically that Amazon's products and services are under the direction and control of Defendants, such that the Court can draw a reasonable inference that the allegedly infringing performance of each claim step was attributable to Defendants.  See

Lyda, 838 F.3d at 1339.  The Court grants Defendants' Motion to Dismiss on this basis and grants Plaintiff leave to amend the Amended Complaint.  Because dismissal of Plaintiff's direct infringement claims is warranted, the Court need not examine Defendants' remaining objections to the Amended Complaint.

## CONCLUSION

Upon consideration of Defendants' Motion to Dismiss (D.I. 31), and all other papers and proceedings in this action, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (D.I. 31) is granted; and it is further

**ORDERED** that Plaintiff shall file a Second Amended Complaint on or before March 25, 2026; and it is further

**ORDERED** that Defendants shall respond to the Second Amended Complaint on or before April 8, 2026.

IT IS SO ORDERED this 11th day of March, 2026.

      /s/ Jennifer Choe-Groves
      Jennifer Choe-Groves
      U.S. District Court Judge[*]

---

[*]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.